# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Cavinaugh L. Hughes (M-18138), | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 15 C 6432** |
| **v.** | ) | |
| | ) | **Judge Jorge L. Alonso** |
| | ) | |
| Sargent Durrent, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Cavinaugh L. Hughes, a state prisoner currently incarcerated at Pontiac Correctional Center, has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983, claiming that his constitutional rights were violated while he was incarcerated at Stateville Correctional Center. On August 3, 2015, the Court screened plaintiff's complaint and allowed him to proceed on an excessive force claim against Sergeant Durrent, a failure-to-intervene claim against Officer Dobkowski, and a deliberate indifference claim against Lieutenant Brown, a John Doe Officer, and Dr. Obaisi. This matter is now before the Court on the motions to dismiss of defendants Durrent, Dobkowski and Brown [20] (hereafter "the State defendants") and Obaisi [24]. For the following reasons, the State defendants' motion [20] is granted and Obaisi's motion [24] is granted in part and denied in part. All claims against the State defendants and Obaisi in their official capacities are dismissed. Plaintiff may proceed on the claims against the State defendants and Obaisi in their individual capacities as identified in the Court's August 3, 2015 Order.

## Background

Plaintiff alleges that in August 2014, an "incident" occurred between him and a correctional officer at Stateville Correctional Center that necessitated plaintiff being subdued and handcuffed. Plaintiff says that, once he was on the ground in handcuffs and cooperating, defendant Durrent sprayed him with mace several times in the face and right eye and defendant Dobkowski failed to intervene. Over the next eight hours, defendants Brown, Doe, and Obaisi ignored his requests and the instruction of a medical technician to flush the mace from plaintiff's eye. Plaintiff alleges that Obaisi reviewed and signed off on an injury report that said plaintiff required treatment, but Obaisi did not examine plaintiff or have him brought to the healthcare unit. Instead, plaintiff says he was taken to a lengthy internal affairs investigation, and transferred out of Stateville the next day. Plaintiff claims that, as a result of these events, he suffers from distorted vision. Plaintiff states that he is suing the defendants in both their individual and official capacities.

**Analysis**

A motion under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe pro se complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

**A.      State Defendants' Motion**

The State defendants contend that all official-capacity claims asserted against them are barred by the Eleventh Amendment. The Court agrees. "A suit against a governmental officer in his official capacity is really a suit against the entity of which the officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Franklin v. Zaruba*, 150 F.3d 682, 684 n.2 (7th Cir. 1998). Thus, a suit against the State defendants in their official capacities is the same as a suit against the Illinois Department of Corrections ("IDOC"). Moreover, state agencies like the IDOC, as "arms of the state," are immune from suits for damages under the Eleventh Amendment. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Therefore, plaintiff may not, under § 1983, seek damages against the State defendants in their official capacities.[1]

A state official can be sued in his official capacity for injunctive relief because "official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10. But plaintiff does not, and could not, seek injunctive relief because he is no longer in Stateville. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot . . . .").

Moreover, plaintiff has not alleged any facts that support the inference that an unconstitutional municipal policy or custom caused his injuries, as required by *Monell v. New York*

---

[1]Additionally, "neither a State nor its officials acting in their official capacities are persons under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012).

*City Department of Social Services*, 436 U.S. 658 (1978), to state an official-capacity claim. *See id.*; *Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 674-675 (7th Cir. 2009) (stating that a governmental body can be held liable under section 1983 only if the execution of one of its policies or customs inflicts the injury).

For all of these reasons, the State defendants' motion to dismiss plaintiff's official-capacity claims against them is granted. Plaintiff may proceed in this lawsuit against the State defendants only in their individual capacities.

## B.    Obaisi's Motion

The official-capacity claims that plaintiff asserts against Obaisi must also be dismissed. As explained above, "an official capacity suit is another way of pleading an action against an entity of which the officer is an agent." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (citing *Graham*, 473 U.S. at 165-66). Thus, plaintiff's official-capacity claim against Obaisi amounts to a claim against his employer, Wexford Health Sources, Inc. *See, e.g., Ford v. Wexford Health Sources, Inc.*, No. 12 C 4558, 2013 WL 474494, at *8-9 (N.D. Ill. Feb. 7, 2013). Like a governmental entity, Wexford, as a corporation under contract with the state to provide essential governmental services, can be held liable under § 1983 only if it has "an unconstitutional policy or custom" that caused plaintiff's injury. *Shields v. Ill. Dep't of Corrs.*, 746 F.3d 782, 789-92 (7th Cir. 2014); *see Phelan v. Cook Cnty.*, 463 F.3d 773, 789 (7th Cir. 2006). Plaintiff makes no allegations from which the Court can reasonably infer that Wexford maintained such a policy. Plaintiff's official-capacity claim against Obaisi is therefore dismissed.

Obaisi contends that plaintiff's deliberate indifference claim against him in his individual capacity should be dismissed as well. "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Prison officials may exhibit deliberate indifference to a known condition through inaction, *Gayton v. McCoy*, 593 F.3d 610, 623-24 (7th Cir. 2010), or by delaying necessary treatment and thus aggravating an injury or needlessly prolonging an inmate's pain, *Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012). Obaisi does not dispute that plaintiff has pleaded a serious medical condition. *See Kervin v. Barnes*, 144 F. App'x 551, 552 (7th Cir. 2005) ("[D]etaining an inmate for eight hours after using chemical agents without allowing him to wash his face amounts to the wanton infliction of pain and suffering.") (citing *Williams v. Benjamin*, 77 F.3d 756, 764-65 (4th Cir. 1996)). Instead, Obaisi argues that plaintiff's allegations about his alleged involvement in the incident here are too speculative to support the inference that he became aware of, let alone exhibited indifference to, plaintiff's medical needs in the twenty-four hours before he was transferred out of Stateville.

The Court disagrees. The Court acknowledged in its screening order that the extent of Obaisi's knowledge and involvement in the incident is not entirely clear from plaintiff's complaint. But liberally construed, plaintiff's allegations that Obaisi reviewed and signed off on an injury report but did not have plaintiff examined are sufficient to suggest that he knew of and disregarded

plaintiff's need for immediate treatment. *See, e.g., Arnett v. Webster*, 658 F.3d 742, 752 (7th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556) ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."). Thus, Obaisi will remain as a defendant.

## C.     Plaintiff's Motion for Attorney Representation

Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (holding that it is difficult to make an accurate determination regarding a plaintiff's ability to litigate the matter when case is still in "its infancy"); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712 (well-written pleadings and appearance that plaintiff can follow instructions indicate that counsel is not needed); (3) medical and mental health issues, *Olson*, 750 F.3d at 712; (4) transfer to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (transfer to a different facility may impede plaintiff's ability to obtain evidence including affidavits/declarations from others to support his/her claim); (5) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (recruitment of counsel required for a blind inmate with a tenth-grade education); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (enlistment of counsel was necessary for a functionally illiterate inmate); and (6) complexity of the case, *Dewitt*, 760 F.3d at 658; *Henderson*, 755 F.3d at 566; *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503F.3d at 655-56.

After considering the above factors, the Court concludes that the solicitation of counsel is not warranted at this time. First, while plaintiff has attempted to retain private counsel without success, he has only made three such attempts to date (a fourth entity he contacted does not provide legal representation). Plaintiff is encouraged to continue his efforts to obtain counsel on his own by writing to counsel and asking them to represent him pro bono (without pay). Plaintiff should retain any responses received for attachment to any renewed motion. Second, the case is in its infancy, plaintiff has demonstrated an ability to understand and follow court orders, and his filings are sufficiently articulate and coherent for this stage of the litigation. Finally, the Court grants pro se litigants wide latitude in the handling of their lawsuits. Consequently, plaintiff's motion for attorney representation is denied without prejudice.

## Conclusion

For the reasons set forth above, the State defendants' motion to dismiss [20] is granted and Obaisi's motion to dismiss [24] is granted in part and denied in part. All claims against the state defendants and Obaisi in their official capacities are dismissed. Plaintiff may proceed on the claims against the State defendants and Obaisi in their individual capacities as identified in the Court's August 3, 2015 Order. Plaintiff's motion for attorney representation [39] is denied without prejudice.

**SO ORDERED.**                    **ENTERED: February 17, 2016**

_____
**HON.  JORGE L. ALONSO**
**United States District Judge**